**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICK BYNES, ) | |
| ) | |
| Plaintiff, ) | No. CIV 06-2406 PHX RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| CITY OF EL MIRAGE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is currently before the Court on Plaintiff's motion to remand (doc. # 7) and Defendants' motion for fees and costs pursuant to 28 U.S.C. § 1447(c) (doc. # 10). Having carefully considered the arguments raised, the Court now rules.

**I.   MOTION TO REMAND**

This case arises out of a wrongful termination suit originally filed by Plaintiff in the Superior Court of Arizona in Maricopa County on August 7, 2007. Notice (doc. # 1), Ex. A at 4. On October 10, 2006, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, asserting that Plaintiff's allegations of First Amendment and Due Process violations raised

federal claims under 42 U.S.C. § 1983. Notice (doc. # 1) at 2. Thereafter, Plaintiff filed a timely motion to remand, moving simultaneously for voluntary dismissal of those federal claims. Mot. (doc. # 7) at 1-2. Having realized that the Supreme Court's recent decision in <u>Garcetti v. Ceballos</u>, 547 U.S. ___, 126 S. Ct. 1951, 164 L. Ed. 689 (2006), would seriously undercut any First Amendment or Due Process claims, Plaintiff apparently made the tactical decision to dismiss those claims and pursue only his state law claims. Mot. (doc. # 7) at 1-2.

In view of the early posture of this case and Plaintiff's willingness to dismiss his federal claims with prejudice, Defendants do not oppose remand. Resp. (doc. # 10) at 1-2. Accordingly, Plaintiff's claims for alleged First Amendment and Due Process violations will be dismissed with prejudice. <u>See</u> Fed. R. Civ. P. 41(a)(2). Furthermore, having considered and weighed the "values of judicial economy, convenience, fairness and comity," the Court will remand Plaintiff's remaining state law claims to the Superior Court of Arizona in Maricopa County. <u>See</u> <u>Nishimoto v. Federman-Bachrach & Ass'n</u>, 903 F.2d 709, 715 (9th Cir. 1990).

**II.  MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)**

Although they do not oppose remand, Defendants argue that they are entitled to an award of fees and costs pursuant to 28 U.S.C. § 1447(c) for filing the notice of removal and responding to Plaintiff's motion to remand. Resp. (doc. # 10) at 2-4. Plaintiff opposes their request for fees. Reply (doc. # 12) at 1-3.

In an order remanding a case, the district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

-2-

Section 1447(c) has scarcely been used as a basis to authorize an award of fees and costs against plaintiffs. See Baddie v. Berkeley Farms, 64 F.3d 487, 490 n.2 (9th Cir. 1995). Rather, it is frequently the plaintiff who moves, concurrently with his motion to remand, for an award of fees and costs against the removing defendants. To that end, the Supreme Court recently set forth the standard for determining whether a plaintiff successful in obtaining remand should also be entitled to an award of fees and costs under section 1447(c). See Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547, 555 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id., 126 S. Ct. at 711. In exercising its discretion to award fees under section 1447(c), the district court must consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." See id.

In view of the considerations highlighted in Martin, the Court does not regard an award of fees and costs against Plaintiff for Defendants' expenses in removing this action and opposing remand as a necessary or just result under section 1447(c). As the Ninth Circuit has explained before, the expense of opposing remand "is proximately caused by the plaintiff's subsequent action [in seeking remand] rather than by the removal itself," and therefore "is not 'a result of the removal.'" See Baddie, 64 F.3d at 490. Moreover, there is no evidence of bad faith or manipulative conduct by

1  Plaintiff deliberately designed to put Defendants through the
2  expense of a needless removal and remand.  See id. at 490 n.3.
3  Unlike the plaintiff in the Barraclough case relied upon by
4  Defendants, there is no indication that Plaintiff here has employed
5  any manipulative tactics or baited Defendants down a garden path to
6  removal through repeated assurances of his intent to pursue certain
7  federal claims.  See Barraclough v. ADP Auto. Claims Servs., Inc.,
8  818 F. Supp. 1310, 1313 (N.D. Cal. 1993).  In sum, the Court finds
9  that the policy considerations highlighted by the Supreme Court,
10 see Martin, 126 S. Ct. at 711, disfavor an award of fees and costs
11 for reasons best explained by the Ninth Circuit in Baddie:

> Filing federal claims in state court is a
> legitimate tactical decision by the plaintiff:
> it is an offer to the defendant to litigate the
> federal claims in state court.  The defendant
> is not obligated to remove; rather, he has the
> choice either to submit to state court
> resolution of his claims, or to assert his
> right to a federal forum.  If the defendant
> rejects the plaintiff's offer to litigate in
> state court and removes the action, the
> plaintiff must then choose between federal
> claims and a state forum.  Plaintiffs in this
> case chose the state forum.  They dismissed
> their federal claims and moved for remand with
> all due speed after removal.  There was nothing
> manipulative about that straightforward
> tactical decision, and there would be little to
> be gained in judicial economy by forcing
> plaintiffs to abandon their federal causes of
> action before filing in state court.

Baddie, 64 F.3d at 491.[1]

---

[1] The Court is aware that the Ninth Circuit has recently, by way of an unpublished memorandum opinion, disavowed certain portions of Baddie that may be inconsistent with the Supreme Court's recent decision in Martin.  See Assocs. Nat'l Bank v. Erum, 2006 U.S. App. LEXIS 26288 at *1-2 (9th Cir. 2006).  Given the unorthodoxy of overruling prior precedent by unpublished opinion, and the overwhelming consistency of the Baddie propositions cited in this

1    **IT IS THEREFORE ORDERED** that Plaintiff's request for voluntary
2 dismissal of his 42 U.S.C. § 1983 claims for alleged First
3 Amendment and Due Process violations and related federal claims is
4 GRANTED.  Plaintiff's 42 U.S.C. § 1983 claims for alleged First
5 Amendment and Due Process violations and related federal claims are
6 hereby dismissed with prejudice pursuant to Rule 41(a)(2) of the
7 Federal Rules of Civil Procedure.
8    IT IS FURTHER ORDERED that Plaintiff's motion to remand (doc.
9 # 7) is GRANTED.  This case is remanded to the Superior Court of
10 Arizona in Maricopa County.
11    IT IS FURTHER ORDERED that Defendants' motion for fees and
12 costs pursuant to 28 U.S.C. § 1447(c) (doc. # 10) is DENIED.
13    IT IS FURTHER ORDERED directing the Clerk of the Court to send
14 the file in this Case to the Superior Court of Arizona in Maricopa
15 County.
16    DATED this 22nd day of December, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

22 Copies to counsel of record

---

27 order with the policy considerations discussed in Martin, the Court
regards the portions of Baddie relied upon herein as persuasive if
28 not controlling.

-5-